(Hamilton County Court of Common Pleas.)

THE STATE OF OHIO *v.* GEORGE O. HOFFMAN.

---

*Indictment under section 7088, Rev. Stat., for writing an instrument to wrong and defraud —Necessary averments.*

(Decided February, 1895.)

---

Decision on demurrer.

WILSON, J.

The indictment in this case is under section 7088, of the Revised Statutes, which makes it an offense for a person to write or print, either in whole or in part, any letter, telegram or other instrument, with intent to obtain from any person anything of value, or wrongfully defraud any person.

The indictment charges that the defendant did write part of a certain instrument. The word "instrument" used in the statute is of large signification. The word "other" confines the section to written or printed instruments. The instruments set forth in this indictment, which the defendant is charged with having written a part of, is a written instrument within the meaning of the statute.

In order to make a good indictment under this section, it is necessary to set forth the fact that the instrument was written partly or wholly by the defendant, and to set forth the instrument, or the parts of it so written, and allege that it was done with intent to obtain something of value, and with intent to defraud. If the instrument, on the face of it, does not show anything could be obtained on it, or how any person could be defrauded, the rule is as in cases of forgery. Extrinsic facts must be set forth in the indictment. The instrument set forth in this indictment, part of which

the defendant is charged with having written, is a proof of claim of loss under a life insurance policy. The part of it which the defendant is charged to have written, is the affidavit of the attending physician, as to the cause of death.

The mere fact that the defendant had written part of such an instrument, would not prove anything; but the indictment alleges, in substance, that a policy had been issued on the life of Henry Heilman, by the Metropolitan Insurance Company, of New York; that by the terms of that policy, certain persons described therein, were entitled to receive the amount of money which might become due upon the policy by the death of the insured. The indictment also sets forth that Minnie Zehnder was claiming to be the person who was entitled, by the terms of the policy, to receive the amount upon it, at the time of the death of Heilman; that she was not the person she described herself to be, and, consequently, was not entitled to recover the money upon this policy. It then sets forth the fact that the defendant knew of these facts; that he knew she was not the person entitled to receive the money upon the policy, and yet, notwithstanding that knowledge, he wrote certain parts of the instrument, knowing at the time it was untrue.

Certainly, whoever signs, prints or writes a part of an instrument of this kind, knowing at the time that the person who is claiming to be the beneficiary under the policy is not the proper person to receive the money, and that if this proof of loss is received by the company, the money will be paid to the wrong person, that makes it evident by such instrument some one could be defrauded, and that property of value could be obtained from the Metropolitan Life Insurance Company.

It is also alleged that this was done with intent to obtain property with intent to defraud. What has been said refers to the first count in the indictment.

It is also claimed, that while the indictment alleges that a policy was issued by the Metropolitan Life Insurance Company, the policy is not set forth. If the indictment was based on the policy, it would no doubt be necessary to set it out; but the only thing that is necessary for the pleader to set up in this case is the extrinsic fact that there was a policy issued by the company, and that he has done. The averment of that fact is sufficient without setting out the policy in full.

When we come to the second count of the indictment, the allegations are about the same as in the first, only a little more specific. The allegation that the defendant had obtained a policy from the Metropolitan Life Insurance Company, by means of false representations, is not necessary; it is surplusage. But, even if the allegation is necessary, it is apparent from the reading of the indictment, that there is sufficient stated in it to show that the representations under which the policy was secured were false, because the statement is made that the policy was issued on the 17th day of September; that, at the time, Heilman was suffering from a chronic disease of the kidneys, known as Bright's disease, and that on the 22nd of September, five days after, he died, and it is alleged that the defendant knew of these facts.

It is objected that the indictment also alleges that the policy was void. If a man knowingly writes part of an instrument, by which a person attempts to obtain money on a void policy, he commits an offense, if the writing of such instrument is done with intent to obtain property of value and with intent to defraud.

It is alleged against this indictment, on both counts, that there is no allegation that the defendant intended to obtain this money for himself. The statute says, "whoever writes part of a written instrument, with the

VOL. 1—28*

intent to obtain anything of value." It does not say for whom the property should be obtained.

Upon these grounds, I think the demurrer to the indictment should be overruled.

*Miller Outcalt*, for the demurrer.

*Hiram M. Rulison* and *Robert C. Pugh*, for the proscution.